UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KEVIN HEFFERNAN,

                       Plaintiff,

      -against-

FRANK G. STRAUB, individually, and in his capacity as
Commission of Public Safety for the City of White Plains,
N.Y., RICHARD LYMAN, individually, and in his
capacity as Chief of the City of White Plains Fire Bureau,
Department of Public Safety, RICHARD HOULIHAN,
individually, and in his capacity as Deputy Chief, White
Plains Fire Bureau, Department of Public Safety,
VINCENT ROBERTO, individually and in his capacity as
Deputy Fire Chief, White Plains Fire Bureau, Department
of Public Safety and the CITY OF WHITE PLAINS, New
York,

                    Defendants.
-------------------------------------------------------------------X

Case No. 07 CV 11260 (WCC)

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorneys for Defendants
199 Water Street, Suite 2500
New York, New York 10038-3516
(212) 232-1300

Ivan D. Smith, Esq.
Maureen M. Stampp, Esq.
*Of Counsel*

4837-8560-5890.1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION .......................................................................................................... 1

PRELIMINARY STATEMENT ...................................................................................... 2

STATEMENT OF RELEVANT FACTS ........................................................................ 3

ARGUMENT.................................................................................................................. 5

    POINT I ................................................................................................................... 6

        APPLICABLE LEGAL STANDARDS .............................................................. 6

    POINT II ................................................................................................................. 7

        THE FIRST AMENDMENT CLAIMS ............................................................... 7

        A.   Plaintiff Fails to Make Out a Prima Facie Case of First Amendment Retaliation...... 7

        B.   Plaintiff's Speech is not Constitutionally Protected .................................................. 8

        C.   Plaintiff Cannot Show Any Causal Connection Between   His Speech and Any
        Adverse Employment Action................................................................................... 12

    POINT III................................................................................................................ 13

        PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS.................................... 13

    POINT IV ............................................................................................................... 16

        QUALIFIED IMMUNITY ................................................................................ 16

CONCLUSION.............................................................................................................. 18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Baker v. McCollan,*
   443 U.S. 137 (1979)........................................................................................7

*Bell v. Atl. Corp. v. Twombly,*
   127 S.Ct. 1955, 1974 (2007)...........................................................................6

*Brass v. American Film Tech. Inc.,*
   987 F.2d 142, 150 (2d Cir. 1993).....................................................................7

*Benvenisti v. City of New York,*
   2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. Sept. 23, 2006)...........................10

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147 (2d Cir. 2002).................................................................6, 7, 11

*Chesney v. Valley Stream Union Free School Dist..,*
   No. 07 Civ. 5106 (DRH (ETB), 2006 U.S.Dist. LEXIS 68137, at *19-*20
   (E.D.N.Y. Sept. 22, 2006).....................................................................6, 7, 11

*Connick v. Myers,*
   461 U.S. 138 (1983)...................................................................................9, 16

*Cruz v. Coach Stores, Inc.,*
   202 F.3d 560 (2d Cir. 2000)...........................................................................15

*Garcetti v. Ceballos,*
   547 U.S. 410 (2006)..............................................................................8, 9, 10

*Green v. Board of County Comm'rs,*
   472 F.3d 794 (10th Cir. 2007) .......................................................................10

*Harlen Associates v. Inc. Village of Mineola,*
   273 F.3d 494 (2d Cir. 2001)...........................................................................13

*Harlow v. Fitzgerald,*
   457 U.S. 800 (1982)................................................................................16, 17

*Haynes v. Circleville,*
   474 F.3d 357 (6th Cir. 2007) .........................................................................10

*Healy v. City of N.Y. Department of Sanitation,*
   2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. Nov. 22, 2006)............................11

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Baker v. McCollan,*
    443 U.S. 137 (1979)......................................................................................7

*Bell v. Atl. Corp. v. Twombly,*
    127 S.Ct. 1955, 1974 (2007)........................................................................6

*Brass v. American Film Tech. Inc.,*
    987 F.2d 142, 150 (2d Cir. 1993)..................................................................7

*Benvenisti v. City of New York,*
    2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. Sept. 23, 2006)...........................10

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)................................................................6, 7, 11

*Chesney v. Valley Stream Union Free School Dist..,*
    No. 07 Civ. 5106 (DRH (ETB), 2006 U.S.Dist. LEXIS 68137, at *19-*20
    (E.D.N.Y. Sept. 22, 2006)...................................................................6, 7, 11

*Connick v. Myers,*
    461 U.S. 138 (1983)..................................................................................9, 16

*Cruz v. Coach Stores, Inc.,*
    202 F.3d 560 (2d Cir. 2000)........................................................................15

*Garcetti v. Ceballos,*
    547 U.S. 410 (2006)............................................................................8, 9, 10

*Green v. Board of County Comm'rs,*
    472 F.3d 794 (10th Cir. 2007) .....................................................................10

*Harlen Associates v. Inc. Village of Mineola,*
    273 F.3d 494 (2d Cir. 2001)........................................................................13

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)..............................................................................16, 17

*Haynes v. Circleville,*
    474 F.3d 357 (6th Cir. 2007) .......................................................................10

*Healy v. City of N.Y. Department of Sanitation,*
    2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. Nov. 22, 2006)...........................11

*Hernandez v. Coughlin,*
  18 F.3d 133 (2d Cir. 1994)...............................................................................6

*International Audiotext Network, Inc. v. America Telegraph & Telegraph Co.,*
  62 F.3d 69 (2d Cir. 1995) (per curiam ...........................................................7

*Johnson v. Ganim,*
  342 F.3d 105 (2d Cir. 2003)..............................................................................8

*Kramer v. Time Warner, Inc.,*
  937 F.2d 767 (2d Cir. 1991).......................................................................6, 11

*Mills v. City of Evansville,*
  452 F.3d 646 (7th Cir. 2006) .......................................................................9, 10

*Mulcahey v. Mulrenan,*
  2008 U.S. Dist. LEXIS 665 (S.D.N.Y, Jan. 3, 2008)....................................10

*Panse v. Eastwood,*
  2007 U.S. Dist. LEXIS 55080 (S.D.N.Y. July 20, 2007) .........................8, 10

*Patane v. Clark,*
  508 F.3d 106 (2d Cir. 2007)..............................................................................6

*Payne v. Huntington Union Free Sch. District,*
  219 F. Supp. 2d 273 (E.D.N.Y. 2002) ...........................................................13

*Rothman v. Gregor,*
  220 F.3d 81 (2000)............................................................................................6

*Ruotolo v. City of New York,*
  2006 U.S. Dist. LEXIS 49903 (S.D.N.Y. July 19, 2006) ..............................10

*Sanchez v. City of Hartford,*
  10 F. Supp. 2d 162 (D. Conn. 1998)...............................................................16

*Scheuer v. Rhodes,*
  416 U.S. 232 (1974), *overruled on other grounds by Davis v. Scherer,* 468
  U.S. 183 (1984)..................................................................................................6

*Shumway v. United Parcel Service,*
  118 F.3d 60 (2d Cir. 1992)........................................................................13, 15

*Skehan v. The Village of Mamaroneck, et al.,*
  465 F.3d 96 (2d Cir. 2006)..............................................................................13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN HEFFERNAN,

                             Plaintiff,

            -against-

FRANK G. STRAUB, individually, and in his capacity as
Commission of Public Safety for the City of White Plains,
N.Y., RICHARD LYMAN, individually, and in his
capacity as Chief of the City of White Plains Fire Bureau,
Department of Public Safety, RICHARD HOULIHAN,
individually, and in his capacity as Deputy Chief, White
Plains Fire Bureau, Department of Public Safety,
VINCENT ROBERTO, individually and in his capacity as
Deputy Fire Chief, White Plains Fire Bureau, Department
of Public Safety and the CITY OF WHITE PLAINS, New
York,

                            Defendants.
------------------------------------------------------------------X

Case No. 07 CV 11260 (WCC)

## INTRODUCTION

       Defendants Frank G. Straub ("Straub"), Richard Lyman ("Lyman"), Richard Houlihan

("Houlihan"), Vincent Roberto ("Roberto"), and the City of White Plains (collectively

"defendants" or the "City"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, submit

this Memorandum of Law in support of their motion to dismiss the First Amended Complaint in

its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

       On or about December 14, 2007, plaintiff Kevin Heffernan ("plaintiff" or "Heffernan")

filed the Complaint in this action (the "Compl."). (A copy of the Complaint is annexed as

Exhibit "A" to the Amended Affirmation of Ivan D. Smith, dated April 28, 2008 ("Smith Am. Aff.").

In the Complaint, plaintiff alleges three causes of action pursuant to 42 U.S.C. § 1983. In the first and second causes of action, plaintiff alleges that defendants engaged in retaliatory conduct that violated his rights as guaranteed by the First Amendment to the United States Constitution. In the third cause of action, plaintiff alleges that defendants treated him disparately in violation of the Equal Protection Clause of the Fourteenth Amendment.

Defendants requested and the Court granted permission to file a pre-answer motion, requesting dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On March 19, 2008, defendants filed its motion to dismiss the complaint. On or about April 4, 2008, the Court approved plaintiff's request to hold the motion in abeyance pending the filing of an amended complaint. On or about April 4, 2008, plaintiff filed the First Amended Complaint in this matter. (A copy of the First Amended Complaint is annexed as Exhibit G to the Smith Am. Aff.)

In the First Amended Complaint, plaintiff makes additional factual allegations concerning his work as a trustee, vice president of his union, and chairman of the health and safety committee. (First Amended Complaint ("Am. Compl." ¶¶ 3, 9(a)-(f), 11, 13, 14, 16, 19(a), 22, 27, 30)) The causes of action in the Amended Complaint, however, are identical to the causes of action alleged in the original Complaint.

Defendants now move to dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## STATEMENT OF RELEVANT FACTS

Plaintiff is employed as a fire lieutenant with the White Plains Fire Bureau, Department of Public Safety of the City of White Plains (the "Department"). Plaintiff is the vice president of the Professional Fire Fighters Association, Inc. ("PFFA"), Local 274, I.A.F.F., AFL-CIO and the duly appointed chairman of the PFFA's Health and Safety Committee. (Am. Compl. ¶ 3) The position of vice president of the PFFA is an elective position. According to the By-Laws of the PFFA (the "By-Laws"), a candidate for the position of vice president must be an active member of the Department and a member in good standing of PFFA. (See Article III, Sections I, III; Article IX, Sections III, IX. A copy of the By-Laws is annexed as Exhibit H to Smith Am. Aff.)

Straub is the Commissioner of the Department; Lyman is the fire chief, Houlihan and Roberto are deputy chiefs of the Department. (Am. Compl. ¶¶ 4-7) Lawrence Toglia ("Toglia") is a fire lieutenant with the Department. (Am. Compl. ¶ 17)

On April 20, 2005, the City of White Plains conducted "live fire" training involving fire fighters and equipment. (Am. Compl. ¶ 10) During the course of the training a real fire broke out and Roberto directed that the live fire training cease and the men and equipment at the drill site "go available." Plaintiff, approximately ten minutes after Roberto's directive to "go available", announced over the radio that certain fire fighters who were requested by Roberto to "go available" were fatigued. (Am. Compl. ¶ 15) (See transcript of radio transmission of April 20, 2005. A copy of the transcript is annexed as Exhibit B to Smith Am. Aff.); (see also plaintiff's written statement to Lyman, dated April 20, 2005. A copy of the statement is annexed as Exhibit C to Smith Am. Aff.)

The relevant job specification for the title of fire lieutenant, which was in effect in April 2005, provides examples of the work of a fire lieutenant. It states that the title, among other

duties, "operates portable radio and/or other radio equipment at fire or rescue scenes, and makes reports to Dispatcher of condition and unit status". (See copy of fire lieutenant job specification annexed as Exhibit D to Smith Am. Aff.) The Rules and Regulations for the Government of Officers and Members of the Bureau of the Fire Department of Public Safety, City of White Plains (the "Regulations"), provides that each member shall "[p]romptly notify the Fire Alarm Dispatcher or Deputy Chief on duty of any inability to report for duty at the time or place required." (See § 129(3) of the Regulations; a copy of which is annexed as Exhibit E to Smith Am. Aff.)

On or about July 29, 2005, defendants preferred disciplinary charges against Heffernan and Toglia accusing them of failing to respond timely to Roberto's orders to "go available". The disciplinary charges preferred against Toglia and Heffernan were identical except that Heffernan's charges contained an additional charge where defendants charged him with violating the Regulations by making an "inappropriate radio transmission advising Ross Street command that drill school companies are fatigued during a working fire." ("Charge VI") (Am. Compl. ¶¶ 19-20)

Toglia settled the disciplinary charges preferred against him, resulting in the forfeiture of three days' pay. (Am. Compl. ¶ 23) The disciplinary charges against Heffernan did not settle and proceeded to a disciplinary hearing. Defendants, at the hearing, withdrew the charge regarding Heffernan's radio transmission. The disciplinary charges against Heffernan that proceeded to a hearing were identical in every respect to the disciplinary charges that defendants had preferred against Toglia. (Am. Compl. ¶ 26)

On April 23, 2007, the hearing officer issued the Amended Hearing Officer's Report and Recommendation (the "Report"), finding Heffernan guilty and recommended a thirty day

suspension without pay.  (A copy of the Report is annexed as Exhibit F to the Smith Am. Aff.)
On April 24, 2007, Straub adopted the Report and issued a final administrative determination
imposing upon Heffernan a thirty day suspension without pay, to commence on April 26, 2007
through and including May 25, 2007.  (Am. Compl. ¶¶ 28-29)

## ARGUMENT

In the First Amended Complaint plaintiff asserts three causes of action pursuant to 42
U.S.C. § 1983.  First, plaintiff claims that defendants' conduct violated his right of free speech
and right of association guaranteed by the First Amendment.  Second, plaintiff claims that
defendants treated him disparately in violation of the Equal Protection clause of the Fourteenth
Amendment.

Plaintiff's First Amendment claims fail because (1) plaintiff's speech is not
constitutionally protected because the radio transmission was made within his official duties as a
fire fighter and fire lieutenant and the Constitution does not insulate that type of communication
from employer discipline; and (2) plaintiff is unable to establish a causal link between the radio
transmission and the thirty day suspension without pay.

Plaintiff's cause of action pursuant to the Equal Protection clause of the Fourteenth
Amendment is equally flawed.  To succeed on a § 1983 equal protection claim against a public
employer, claiming selective treatment, plaintiff must and will be unable to show that defendants
treated him differently from similarly situated individuals.  Plaintiff's inability to meet these
standards dooms his equal protection claim.

Plaintiff sues defendants Straub, Lyman, Houlihan, and Roberto in their individual as
well as official capacities.  The claims against the named defendants in their individual capacities

should be dismissed because they are shielded from civil liability through the doctrine of qualified immunity.

## POINT I

### APPLICABLE LEGAL STANDARDS

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Supreme Court has held that on a motion to dismiss, the issue is "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (accord).  In order to withstand a motion to dismiss, a "complaint must plead enough facts to state a claim for relief that is plausible on its face." Id., (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

When considering a motion to dismiss for failure to state a claim, a district court may consider the facts as set forth in the complaint, documents attached to the complaint and any other documents incorporated in the complaint by reference. Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).  A court may consider "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."). Patane, 508 F.3d at 112. (quoting Rothman v. Gregor, 220 F.3d 81, 88 (2000)).  Even where a document is not incorporated by reference, the court may consider it where "the complaint relies heavily upon its terms and effect," which renders the document "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)) (per curiam) (citation omitted).  On a motion to

dismiss a court may consider "matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiff's had knowledge or relied on in bringing suit". Chambers, 282 F.3d at 153 (quoting Brass v. American Film Tech. Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## POINT II

## THE FIRST AMENDMENT CLAIMS

Plaintiff claims that defendants engaged in retaliatory conduct that violated his rights to free speech and association guaranteed by the First Amendment when they preferred disciplinary charges against him which resulted in a thirty day suspension without pay. These claims fail for two reasons. First, plaintiff's speech is not constitutionally protected. Hence, even if defendants punished plaintiff based on the speech or associational rights connected to the speech, the First Amendment does not shield plaintiff from discipline because plaintiff's speech was made in connection with his duties as a public employee. Second, the disciplinary charges under which plaintiff was prosecuted and for which the penalty was assessed, were not based on any infraction associated with plaintiff's free speech or associational rights.

A.    Plaintiff Fails to Make Out a Prima Facie Case of First Amendment Retaliation

It is well settled that § 1983 "is not itself a source of substantive rights," but merely provides "a method of vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979). Plaintiff's attempt to base the § 1983 claim on a violation of the First Amendment fails because he cannot make out a prima facie case of First Amendment retaliation.

To state a prima facie case of First Amendment retaliation under § 1983, a plaintiff must demonstrate that (1) his speech was constitutionally protected; (2) he suffered an adverse

employment action; and (3) a causal connection exists between the speech and the adverse action so that it can be said that the speech was the motivating factor in the determination. <u>Washington v. County of Rockland</u>, 373 F.3d 310, 320 (2d Cir. 2004); <u>Panse v. Eastwood</u>, 2007 U.S. Dist. LEXIS 55080, at *9 (S.D.N.Y. July 20, 2007) (accord). Speech is constitutionally protected if plaintiff spoke as a citizen on a matter of public concern rather than as a public employee on a matter of personal interest. <u>Johnson v. Ganim</u>, 342 F.3d 105, 112 (2d Cir. 2003). Plaintiff is unable to satisfy the first and third prongs of the three-part test enunciated in <u>Washington v. County of Rockland</u>. 373 F.3d at 320.

B.    <u>Plaintiff's Speech is not Constitutionally Protected</u>

Plaintiff identifies the radio transmission as the First Amendment speech/conduct for which defendants allegedly retaliated against him by preferring disciplinary charges that resulted in a thirty day suspension without pay. (Am. Compl. ¶¶ 15-19, 29) Plaintiff does not allege any other First Amendment violation as the basis of the § 1983 claims.

The radio transmission is not constitutionally protected speech. Therefore, defendants would not violate the First Amendment to discipline plaintiff because of such speech.

The First Amendment does not shield plaintiff from discipline for conduct performed during the course of his duties. Plaintiff made the radio transmission about the fatigued nature of the fire fighters as part of his duties as a fire fighter and fire lieutenant. Consequently, defendants can punish him for such speech without violating his First Amendment rights.

In <u>Garcetti v. Ceballos</u>, the Supreme Court clarified that the threshold question in First Amendment public speech cases is two-fold. First, in determining whether the speech in question is protected, the district court must decide whether the plaintiff was speaking "as a citizen". <u>Garcetti</u>, 547 U.S. 410, 418 (2006). In addressing this threshold question, we must also

recognize that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 547 U.S. at 421. Second, if the court determines that the plaintiff spoke as a citizen, it must then conduct the analysis set forth in Connick v. Myers, and establish whether, viewing the record as a whole and based on the content, context, and form of a given statement whether the employee's speech addresses a matter of public concern. Connick, 461 U.S. 138, 147-48 (1983). The inquiry into the protected status of speech is one of law, not fact. Id., 461 U.S. at 148 n.7. Heffernan fails the first part of the threshold question, which obviates the need to proceed to the Connick analysis.

When plaintiff cautioned defendants by radio transmission that the fire fighters who had been engaged in the live fire training drill and were called to "go available" were fatigued, plaintiff was acting pursuant to his official duties as a fire fighter in general and a fire lieutenant in particular.

Decisions rendered in the wake of Garcetti have developed the analysis necessary to distinguish when public employees' speech is made pursuant to official duties and hence, not protected by the First Amendment. In Mills v. City of Evansville, 452 F.3d 646 (7th Cir. 2006), the plaintiff was a police officer who disagreed with her chief's decision on how to implement policies to combat crime and she expressed that disagreement at a meeting held on department premises during working hours. Mills, 452 F.3d at 647. The plaintiff in Mills claimed that, as a result of her statements, she received a summary counseling, was removed from her supervisory position, and was laterally transferred. Id. In affirming the judgment in favor of the defendants, the Seventh Circuit held that plaintiff was speaking pursuant to her duties because she was on

duty, in uniform and discussing the formation and execution of department policy with her superior officers. Mills, 452 F.3d at 648.

The Mills court's analysis of Garcetti has been followed by several circuit courts and at least one district court in the Second Circuit. See Haynes v. Circleville, 474 F.3d 357, 364 (6th Cir. 2007); Green v. Bd. of County Comm'rs, 472 F.3d 794, 800 (10th Cir. 2007); Sweeney v. Leone, 05 Civ. 871 (PCD), 2006 U.S. Dist. LEXIS 57358, at *29-*30 (D. Conn. July 27, 2006).

Recently, a court in this district applied Garcetti and determined that a FDNY employee's memorandum requesting exemption from his duties as acting battalion chief reflects his individualized concerns about his ability to command his unit properly. Thus, his action was not entitled to First Amendment protection because it dealt with his ability to perform his official duties. Mulcahey v. Mulrenan, 2008 U.S. Dist. LEXIS 665, at *16 (S.D.N.Y, Jan. 3, 2008). See Wesolowski v. Bockelman, 506 F. Supp.2d 118, 121-22 (S.D.N.Y. 2007) (no First Amendment protection for officer who reported inmate's complaint at the direction of superior); Panse, 2007 U.S. Dist. LEXIS 55080, at *13-*14 (motion to dismiss granted and no First Amendment protection for art teacher's speech encouraging students to participate in extracurricular art course where speech was made pursuant to teacher's official duties as a teacher in the school district).

Similarly, Judge Koeltl in this district applied Garcetti and found that plaintiff-supervisor's complaints about an employee were made pursuant to the supervisor's official duties, and as such the speech was not entitled to First Amendment protection. The court found that plaintiff's official duties as supervisor included passing information up the chain of command. Benvenisti v. City of New York, 2006 U.S. Dist. LEXIS 73373, at *27 (S.D.N.Y. Sept. 23, 2006); See also Ruotolo v. City of New York, 2006 U.S. Dist. LEXIS 49903, at *9-*10

(S.D.N.Y. July 19, 2006) (report on environmental conditions in police precinct prepared by precinct's training and safety officer was part of officer's official duties, and thus could not serve as the basis for First Amendment retaliation claim); Healy v. City of N.Y. Dep't of Sanitation, 2006 U.S. Dist. LEXIS 86344, at *13-*14 (S.D.N.Y. Nov. 22, 2006) (creation of inventory report was part of official duties).

The General Statement of Duties for the Department's fire lieutenants, which was in effect in April 2005, states as an example of the work, that a fire lieutenant "operates portable radio and/or other radio equipment at fire or rescue scenes, and makes reports to Dispatcher of condition and unit status". (See Exhibit D to Smith Am. Aff.) Further, the Regulations provide that each member shall "[p]romptly notify the Fire Alarm Dispatcher or Deputy Chief on duty of any inability to report for duty at the time or place required." (See Exhibit E to Smith Am. Aff.)[1]

Clearly, Heffernan does not act as a citizen when he conducts his daily fire fighting activities, such as supervising and directing fire fighters and informing his superiors about the condition of the fire fighters in his command. Similarly, on April 20, 2005 he was acting within his professional duties when he was on duty, in uniform, ordered by Roberto to "go available", and informed Dispatch that the fire fighters who had been participating in the training drill and who were asked to "go available" were fatigued. Accordingly, he has no First Amendment protection for the radio transmission.

Moreover, Heffernan admits that, given his positions as vice president of PFFA and Chairman of PFFA's Health and Safety Committee, he was required to make the radio transmission regarding the fatigued nature of certain fire fighters required to "go available." (Am. Compl. ¶¶ 15, 21) We respectfully request the Court to take judicial notice of the fact that

---

[1] Though these materials are extraneous to the complaint, the Court may consider them because plaintiff incorporated them by reference into the complaint. Further, as a fire lieutenant, plaintiff knows of these documents and relied on them in drafting the complaint. See Kramer, 937 F.2d at 773; Chambers, 282 F.3d at 152-53.

plaintiff is able to serve in these capacities because of his status as a public employee. (See By-Laws, Articles III, Sections I, III and IX, Section III, annexed as Exhibit H to Smith Am. Aff.)

C.    Plaintiff Cannot Show Any Causal Connection Between
      His Speech and Any Adverse Employment Action

Plaintiff will claim that the disciplinary charges that defendants preferred against him, which resulted in a recommendation, and subsequent implementation, of a thirty day suspension without pay, constitutes an adverse employment action. Plaintiff, however, is unable to show any causal connection between his speech and the suspension.

Plaintiff admits that at the disciplinary hearing, defendants, after opening statements and before the presentation of their case, withdrew from the disciplinary charges the charge pertaining to the radio transmission. (Am. Compl. ¶ 26) Therefore, defendants did not, at the disciplinary hearing, seek to punish plaintiff for making the radio transmission. The hearing officer heard the remaining charges, which did not include any specification regarding plaintiff's speech. The remaining charges dealt solely with the slow response attributed to Heffernan as a fire lieutenant. (See Exhibit F to Smith Am. Aff.) Accordingly, the hearing officer's recommendation of a thirty day payless suspension was not based on any charges or specifications pertaining to plaintiff's speech. Straub, by adopting and imposing the hearing officer's recommended penalty, did not punish plaintiff for the radio transmission but for the charges and specifications on which the hearing officer found plaintiff guilty. Thus, plaintiff is unable to link the suspension to any First Amendment activity. Accordingly, plaintiff's First Amendment claims fail.

## POINT III

## PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS

Plaintiff, in the third cause of action, alleges that defendants treated him disparately as contrasted with the treatment accorded similarly situated members of the Department. (Am. Compl. ¶ 37) Plaintiff appears to allege an equal protection violation on the basis of selective treatment. This claim fails because plaintiff is unable to (1) identify any similarly situated comparators and (2) establish that he was treated differently from any similarly situated comparator.

To prevail on a selective treatment claim, a plaintiff must show that (1) he was treated differently from other similarly-situated individuals; and (2) the differential treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Skehan v. The Village of Mamaroneck, et al., 465 F.3d 96, 110 (2d Cir. 2006) (quoting Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (citations omitted).

Courts in this Circuit have noted that in order to be deemed similarly situated, the comparators "must be situated very similarly indeed," and "similarly situated in all material respects." Payne v. Huntington Union Free Sch. Dist., 219 F. Supp.2d 273, 279 (E.D.N.Y. 2002) (quoting Shumway v. United Parcel Service, 118 F.3d 60, 64 (2d Cir. 1992)(citation omitted).

Plaintiff baldly asserts that defendants treated other similarly situated employees differently. Plaintiff, however, fails to identify specifically those individuals who he deemed to be similarly situated.

To the extent plaintiff attempts to identify Toglia as similarly situated to him, plaintiff attempts fails. Such claims of similarity and different treatment are belied by the statements in the First Amended Complaint.

Plaintiff and Toglia are fire lieutenants for the Department. (Am. Compl. ¶¶ 3, 17) Defendants preferred identical disciplinary charges against them in connection with the slow response time demonstrated by the fire fighters' reaction to Roberto's directive to "go available" on April 20, 2005. (Am. Compl. ¶¶ 12, 17). The similarity between plaintiff and Toglia ends here. Toglia settled the disciplinary charges and received a three day suspension without pay. (Am. Compl. ¶ 23)  The disciplinary charges preferred against plaintiff did not settle and proceeded to the disciplinary hearing.  The independent hearing officer, after hearing the evidence on both sides, recommended a thirty day suspension without pay. (Am. Compl. ¶ 28) Straub adopted the hearing officer's recommendation and imposed the penalty. (Am. Compl. ¶ 29)

To the extent that defendants preferred the same disciplinary charges against Heffernan and Toglia for the slow response time, defendants treated them similarly for the same offense. The difference in penalty (Toglia received a three day payless suspension and Heffernan received a thirty day payless suspension) (Am. Compl. ¶¶ 16-17, 24-26, 31), cannot be attributed to defendants.  Toglia settled the disciplinary charges prior to the hearing, which makes his situation different from Heffernan's whose charges proceeded to a hearing.  Heffernan has not alleged either in the Complaint or in the First Amended Complaint that defendants failed or refused to offer him an opportunity to settle the charges.

Contrary to plaintiff's assertions, Heffernan and Toglia are not similarly situated. Accordingly, Toglia cannot be deemed a proper comparator for purposes of Heffernan's

selective treatment claim. The Second Circuit has repeatedly clarified that it rigorously enforces the requirement of similarity in selective treatment cases. For example, in Shumway, the plaintiff alleged that a new manager enforced a previously ignored anti-fraternization policy. Upholding the district court's dismissal of the plaintiff's equal protection claim, the court held that the relevant comparators were others whom the new manager had caught violating the policy, not those detected by prior managers. Shumway, 118 F.3d at 64. Similarly, in Cruz v. Coach Stores, Inc., the plaintiff, terminated for fighting, alleged selective treatment of a policy calling for termination of employees who engaged in fights or verbal assaults. Upholding the dismissal of plaintiff's claim, the court held that similarly situated employees consisted of those caught fighting, not those who engaged in verbal assaults. Cruz, 202 F.3d 560, 568 (2d Cir. 2000). Accordingly, under Second Circuit precedent of strict enforcement of the "similarly situated" element of the selective treatment claim, Toglia is not a proper comparator for Heffernan.

Proper comparators for Heffernan could come in two categories: fire lieutenants whom defendants deemed responsible for the same or similar offense of a slow response time and defendants failed to prefer disciplinary charges against them; or fire lieutenants against whom defendants preferred disciplinary charges and the hearing officer recommended a penalty less than thirty days and Straub adopted the penalty or where the hearing officer recommended a thirty day suspension penalty and Straub reduced the penalty. Heffernan baldly asserts that there are individuals who are similarly situated to him but failed to identify any employees in these categories.

For these reasons, an examination of Heffernan's Equal Protection allegations reveals that he has failed to identify similarly situated employees engaged in similar conduct who were

treated differently. Accordingly, Heffernan's equal protection claim fails and must be dismissed. See Chesney v. Valley Stream Union Free School Dist., No. 07 Civ. 5106 (DRH (ETB), 2006 U.S. Dist. LEXIS 68137, at *19-*20 (E.D.N.Y. Sept. 22, 2006) (dismissing complaint where allegations failed to allege adequately that plaintiff was treated differently than similarly situated individuals); Sanchez v. City of Hartford, 10 F. Supp.2d 162, 170 (D. Conn. 1998) (dismissing equal protection claim for failure to provide factual allegations detailing "how he was treated, how other similarly situated white employees were treated, and how these treatments differed").

It appears that plaintiff's equal protection claim, is in actuality, an attempt to challenge the findings and conclusion of the hearing officer. This Court is not the forum for such a challenge. See Connick, 461 U.S. at 147 (federal court not appropriate forum to review the wisdom of a public agency's personnel decision taken when an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest).

## POINT IV

## QUALIFIED IMMUNITY

Plaintiff has sued defendants Straub, Lyman, Houlihan, and Roberto in their official and individual capacities. In the event the Court does not dismiss the lawsuit in its entirety, the individually named defendants are entitled to qualified immunity and should be dismissed from the lawsuit.

The Supreme Court has long held that government officials performing discretionary functions generally are shielded from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is clear that defendants' conduct in

preferring disciplinary charges, prosecuting these charges, and imposing a hearing officer's penalty, does not violate any clearly established statutory or constitutional right of which a reasonable person would have known.  Indeed, plaintiff has not alleged so in the complaint.

Moreover, the Supreme Court has instructed that the immunity question is a threshold issue and discovery should not be allowed until this question is resolved.  Harlow, 457 U.S. at 818-19.

## CONCLUSION

Based on the foregoing, defendants respectfully request the Court to dismiss this action in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and grant defendants such other relief as the Court deems appropriate.

Dated: New York, New York
      April 28, 2008

                                Respectfully submitted,

                                LEWIS BRISBOIS BISGAARD & SMITH, LLP

By:             i/s
                  Ivan D. Smith (IS-2659)
                  Attorneys for Defendants
                  199 Water Street, Suite 2500
                  New York, New York 10038-3516
                  (212) 232-1300

TO:

Jonathan Lovett, Esq. (JL-4854)
LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401