UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN HEFFERNAN,

                            Plaintiff,

          -against-

FRANK G. STRAUB, individually, and in his capacity as Commission of Public Safety for the City of White Plains, N.Y., RICHARD LYMAN, individually, and in his capacity as Chief of the City of White Plains Fire Bureau, Department of Public Safety, RICHARD HOULIHAN, individually, and in his capacity as Deputy Chief, White Plains Fire Bureau, Department of Public Safety, VINCENT ROBERTO, individually and in his capacity as Deputy Fire Chief, White Plains Fire Bureau, Department of Public Safety and the CITY OF WHITE PLAINS, New York,

                            Defendants.
------------------------------------------------------------------X

Case No. 07 CV 11260 (WCC)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorneys for Defendants
199 Water Street, Suite 2500
New York, New York 10038-3516
(212) 232-1300

Ivan D. Smith, Esq.
Maureen M. Stampp, Esq.
Sabrina Tann, Esq.

4839-6727-6034.1

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiff's General Allegations of Union Activity Are
         Insufficient to Infer Retaliatory Motive .......................................................................... 2

    II.   The April 20, 2005 Radio Transmissions Are Not Protected Speech ........................... 4

    III.  Plaintiff's Equal Protection Claim Fails ........................................................................ 7

    IV.  The Individual Defendants Are Entitled to Qualified
         Immunity As A Matter Of Law ..................................................................................... 9

CONCLUSION ............................................................................................................................ 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN HEFFERNAN,

                        Plaintiff,

        -against-

FRANK G. STRAUB, individually, and in his capacity as Commission of Public Safety for the City of White Plains, N.Y., RICHARD LYMAN, individually, and in his capacity as Chief of the City of White Plains Fire Bureau, Department of Public Safety, RICHARD HOULIHAN, individually, and in his capacity as Deputy Chief, White Plains Fire Bureau, Department of Public Safety, VINCENT ROBERTO, individually and in his capacity as Deputy Fire Chief, White Plains Fire Bureau, Department of Public Safety and the CITY OF WHITE PLAINS, New York,

                        Defendants.
------------------------------------------------------------------X

Case No. 07 CV 11260 (WCC)

## **PRELIMINARY STATEMENT**

Defendants Frank G. Straub, Richard Lyman, Richard Houlihan, Vincent Roberto, and the City of White Plains (collectively, "defendants"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the First Amended Complaint ("Amended Complaint" or "Am. Compl."). Herein, defendants renew the arguments set forth in their Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint ("Defs.' Mem.") and respond to the arguments set forth in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp.").[1]

---

[1] Defendants filed their motion to dismiss on April 28, 2008 and plaintiff filed his opposition on May 9, 2008.

Plaintiff fails to establish a credible basis to defeat defendants' arguments that: (1) Garcetti bars plaintiff's April 20, 2005 based First Amendment claim; (2) plaintiff fails to state an Equal Protection claim; and (3) the individual defendants are entitled to qualified immunity. Rather, plaintiff focuses on specious allegations that he engaged in union activity in 2003 and 2004 in an attempt to establish that defendants retaliated against him for those activities by preferring disciplinary charges against him in July 2005. Plaintiff's attempt fails because the instances of union activity are too far removed in time from the July 2005 disciplinary charges to establish retaliation. Thus, those allegations cannot serve as a basis for his claims of discrimination under the First Amendment or Equal Protection clauses.

## ARGUMENT

### I. Plaintiff's General Allegations of Union Activity Are Insufficient to Infer Retaliatory Motive

Plaintiff argues that his allegations of union activity in "2003 and 2004" are sufficient to state First Amendment retaliation and Equal Protection selective enforcement claims. (Am. Compl. ¶¶ 9, 31, 33, 35, 37; Pl.s' Opp. 9-11). This argument is erroneous. Second Circuit case law is clear that generally where the adverse employment action occurs a year or more after the protected activity, the lack of temporal proximity between the two defeats any inference of retaliatory motive. See Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist., 411 F.3d 306, 314 (2d Cir. 2005) (one year gap between the purported speech activity and the adverse action too long to infer a retaliatory motive); Richardson v. N.Y. State Dep't of Corr. Servs., 180 F.3d 426, 447 (2d Cir. 1999) (two year gap too wide to support the inference that plaintiff was terminated in retaliation for discrimination complaint); see also Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (collecting cases in which three and four month gaps between protected activity and adverse action were insufficient evidence of causation); Roper v.

Hynes, 05 CV 7664, 2006 U.S. Dist. LEXIS 69128, at *24-25 (S.D.N.Y. Sept. 27, 2006) (two years between the protected speech and the adverse employment action failed to establish causal connection).[2] Thus, plaintiff's bald allegation that his union activity in "2003 and 2004" resulted in disciplinary proceedings one to two years later on July 29, 2005 is insufficient, as a matter of law, to state a retaliation claim. (Pl.'s Opp. 9-11, 14-16; Am. Compl. ¶¶ 9, 19, 31).

For two additional reasons, plaintiff's allegations of union activities in 2003 and 2004 are insufficient to infer retaliatory motive on defendants' part. First, plaintiff does not allege that all of the individual defendants were even aware of his union activities in "2003 and 2004," much less, that they expressed any animus towards him for such activities. (Am. Compl. ¶ 9). Second, the July 2005 disciplinary charge focuses on plaintiff's acts on April 20, 2005 in his capacity as a fire lieutenant and do not implicate any of plaintiff's union activities in 2003 and 2004. (Am. Compl. ¶¶ 19-20; Smith Aff. Exh. F).[3] Thus, the disciplinary charge did not seek to impose any discipline on plaintiff for conduct pre-dating April 20, 2005. Accordingly, the Court should dismiss Plaintiff's First Amendment and Equal Protection claims premised on his "2003 and 2004" union activities because his allegations are insufficient to infer retaliatory motive.

Plaintiff relies on the principle that causation is generally a question of fact in an attempt to defeat defendants' motion. However, the cases that he cites as support are factually

---

[2] In fact, in a recent case, this Court questioned whether a plaintiff's allegations of union activity that occurred more than a year before the institution of disciplinary proceedings against him were sufficient to withstand a 12(b)(6) motion to dismiss. Morey v. Somers Cent. Sch. Dist., 06 CV 1877 (WCC), 2007 U.S. Dist. LEXIS 20265, at *42-43 (S.D.N.Y. Mar 1, 2007). In Morey, the Court stated that there was "merit to defendants' argument that plaintiff has failed to sufficiently allege a causal connection between plaintiff's union activities and defendants' decision to initiate disciplinary charges." Id. The Court ultimately allowed plaintiff's retaliation claim to proceed because he, unlike Heffernan, otherwise established retaliatory motive. The Morey plaintiff alleged that he was disciplined for complaining of asbestos over a long period of time and the disciplinary charges preferred against him on September 2003 included allegations of misconduct dating back to April 2002. Id. This is not the situation here. The charges against Heffernan addressed only his conduct of April 20, 2005.

[3] Defendants filed the Amended Affirmation of Ivan D. Smith, Esq. ("Smith Aff.") and the exhibits annexed thereto on April 28, 2008.

distinguishable. (Pl.'s Opp. 19).[4] Further, as a matter of law, where as here, plaintiff's allegations of fact are legally insufficient to state a claim, the Court should dismiss the case. Roper, 2006 U.S. Dist. LEXIS 69128, at *24-26 (granting 12(b)(6) dismissal of First Amendment claim on lack of causation grounds); Geiger v. Town of Greece, 07 CV 6066, 2007 U.S. Dist. LEXIS 87466, at *25-26 (W.D.N.Y. Sept. 4, 2007) (granting 12(b)(6) dismissal of First Amendment retaliation claim and derivative Equal Protection claim where plaintiff failed to allege sufficient facts to establish causation); Martinez v. City of New York, 00 CV 7914, 2003 U.S. Dist. LEXIS 7295, at *15 (S.D.N.Y. Apr. 30, 2003) (dismissing First Amendment retaliation claim for failure to establish causation).

Accordingly, the Court should dismiss plaintiff's claims arising from his union activity in "2003 and 2004" because such allegations are insufficient evidence of causation to state a First Amendment or Equal Protection claim.

## II. The April 20, 2005 Radio Transmissions Are Not Protected Speech

Plaintiff was speaking in his capacity as a fire lieutenant when he made the April 20, 2005 radio transmissions. The undisputed facts establish that at the time of the April 20, 2005 radio transmissions, plaintiff was on duty, in uniform and at the drill school training site supervising the firemen in his crew. (Am. Compl. ¶¶ 10-13). The record also reflects that plaintiff's radio transmissions were in response to headquarters' "go available" directive because a real fire had broken out in White Plains. (Am. Compl. ¶¶ 10-15; Smith Aff. Exh. B).

---

[4] Reyes v. McGinnis, 00 CV 6352, 2003 U.S. Dist. LEXIS 25196 (W.D.N.Y. Apr. 10, 2003) and Gonzalez v. Bratton, 147 F.Supp.2d 180 (S.D.N.Y. 2001) are not retaliation cases but rather, considered the issue of causation in the context of an assault and a constructive discharge, respectively. Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed., 444 F.3d 158, 168 (2d Cir. 2006), Petrozza v. Village of Freeport, 602 F.Supp. 137, 144 (E.D.N.Y. 1984) and Perez v. Consol. Edison Corp. of N.Y., 02 CV 2832, 2006 U.S. Dist. LEXIS 67459, at *38-39 (S.D.N.Y. Sept. 20, 2006) were retaliation cases but unlike here, plaintiffs established causation where they alleged that only a short period of time elapsed between the protected activity and the adverse action.

Accordingly, Garcetti bars his First Amendment claim arising from the April 20, 2005 radio transmissions. 547 U.S. 410 (2006).

Plaintiff sets forth three specific arguments in support of his claim that he was speaking as a union board member on April 20, 2005. All of those arguments fail. First, plaintiff asserts that he necessarily was speaking as union Chair of the Health and Safety Committee when he made the April 20, 2005 radio transmissions because prior to that time an unidentified employee expressed some concerns to him "about the lack of rehabilitation afforded to the firemen at the drill site that day." (Pl.'s Opp. 12).

This argument is not credible. Plaintiff attempts to parse out the one statement for which he alleges he was improperly disciplined, namely, that "drill school companies are fatigued during a working fire." (Am. Compl. ¶ 20). Plaintiff ignores that this statement was made during the course of several radio transmissions in which he and other fire engine companies were clearly responding to the "go available" directive in their capacity as firemen, specifically lieutenants. (Am. Compl. ¶¶ 10-15; Smith Aff. Exh. B). In addition to the "fatigue" statement, plaintiff made approximately seven (7) other radio transmissions in his capacity as a fire lieutenant including: (1) "still at White Plains drill school. Unavailable" (2) "we're picking up now ah we're leaving drill school. We'll be back in service shortly, and (3) "Ladder 6 is available, returning from drill school to station 2."(Id.) Clearly, plaintiff made the April 20, 2005 radio transmissions in his capacity as a fire lieutenant responding to a fire emergency. The allegation that an unidentified individual may have expressed concerns to him about the condition of the firemen earlier in the day does not change that fact. Thus, plaintiff's first argument lacks merit.

Second, plaintiff argues that the April 20, 2005 radio transmissions were not made pursuant to his duties as a fire lieutenant because he was disciplined for them. (Pl.'s Opp. 12). This argument is baseless as well. Plaintiff admits that defendants withdrew the charge related to the radio transmissions prior to his disciplinary hearing. (Am. Compl. ¶ 26). Thus, plaintiff was not disciplined for his April 20, 2005 radio transmissions. Furthermore, there is no inconsistency in an employer preferring disciplinary charges against an employee for unsatisfactory work performance.

Third, plaintiff argues that his job description as a fire lieutenant and the Rules and Regulations for the Government of Officers do not cover his April 20, 2005 radio transmissions because the transmissions did not concern the firemen assigned to his crew and he was not at the "fire or rescue scene" at the time of the transmissions. (Pl.'s Opp. 12-13). These arguments are patently frivolous.

The Amended Complaint indicates that plaintiff was referring to the firemen in his crew when he made the radio transmissions. (Am. Compl. ¶¶ 12-15). Specifically, the transmission that drill school companies were "fatigued" referred to his crew and others who were at the drill school. (Am. Compl. ¶¶ 12-15; Smith Aff. Exh. B). Thus, plaintiff's argument that he was not referring to members of his crew when he made the April 20, 2005 transmissions contradicts the Amended Complaint. Therefore, the Court should not give this argument any credence.

Moreover, plaintiff's job description and the Rules and Regulations for the Government of Officers clearly contemplate that plaintiff would perform his duties as a fire lieutenant in such a situation. (Smith Aff. Exhs. D and E). Plaintiff alleges that after the live fire broke out, he "and the members assigned to his crew complied with Roberto's directive, as did others at the drill school." (Am. Compl. ¶ 13). Thus, plaintiff admits that he did perform his duties, although

in an untimely fashion. Accordingly, plaintiff's argument that he was not acting in his capacity as a fire lieutenant when he made the April 20, 2005 radio transmissions because he was not at a "fire or rescue scene" is without merit.

The three arguments plaintiff offers here do not credibly support a finding that he was acting outside of his capacity as a fire lieutenant when he made the April 20, 2005 radio transmissions. Thus, plaintiff's First Amendment claim arising from those transmissions is barred by <u>Garcetti</u> and should be dismissed in its entirety.

Plaintiff also argues unsuccessfully that he has established a causal connection between the April 20, 2005 radio transmissions and the disciplinary hearing. (Pl.'s Opp. 17). As discussed more fully in Defs.' Mem. at 13, plaintiff cannot show a causal connection because prior to the disciplinary hearing, defendants withdrew the charge related to plaintiff's radio transmissions. Accordingly, the hearing officer's recommendation of suspension was not based upon specifications arising from Plaintiff's April 20, 2005 transmissions. Plaintiff has cited no case law in support of his argument to the contrary. (Pl.'s Opp. 17). Defendants reiterate that if plaintiff is unhappy with the manner in which the hearing officer conducted the hearing, his findings and recommendations, federal court is not the place to submit such a challenge.

For the reasons set forth herein, the First Amended Complaint fails to state First Amendment claims arising from the April 20, 2005 radio transmissions and accordingly, such claims should be dismissed in their entirety.

### III. Plaintiff's Equal Protection Claim Fails

Plaintiff's Equal Protection claim fails for two reasons. First, plaintiff's selective enforcement Equal Protection claim is predicated on his First Amendment retaliation claims. Thus, because his First Amendment claims fail for the reasons stated above, his Equal Protection

claim must be dismissed as well. Geiger, 2007 U.S. Dist. LEXIS 87466, at *33 (Equal Protection claim and underlying First Amendment claim "coalesce," thus if the First Amendment claim fails, the Equal Protection claim also fails), *citing*, Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2004)); Levesque v. Town of Vernon, 341 F.Supp.2d 126, 139 (D.Ct. 2004) (dismissing Equal Protection claim because underlying First Amendment claim was faulty); Robinson v. Jones, 02 CV 1470, 2006 U.S. Dist. LEXIS 11941, at *26 (D.Ct. Mar. 20, 2006) (same).

Second, plaintiff has failed to allege sufficient facts to state an Equal Protection claim based upon selective enforcement. As discussed in Defs.' Mem. at 14, plaintiff fails to state such a claim with respect to Toglia because he admits that they were both charged for the same infraction and the only difference arises from Toglia's settlement of the charges. (Am. Compl. ¶¶ 17, 23-24). Plaintiff does not allege, however, that he was not offered the same settlement as Toglia. These facts do not allege that plaintiff was sufficiently similarly situated to Toglia or that he was treated disparately from Toglia for an improper purpose, as is required to state such a claim.[5] Moreover, despite plaintiff's assertions to the contrary, the same is true with respect to his allegations concerning the unidentified firemen, who he alleges took over 25 minutes in their response time from a training event but were not disciplined. (Pl.'s Opp. 20-22; Am. Compl. ¶ 30). That bare allegation is not enough to allege disparate treatment. Neilson v. D'Angelis, 409 F.3d 100, 106 (2d Cir. 2005) (reversing jury verdict on grounds that comparators were not sufficiently similarly situated to state an Equal Protection claim); Delbene v. Alesio, 00 CV 7441, 2001 U.S. Dist. LEXIS 2150, at *30-31 (S.D.N.Y Feb. 21, 2001) (mere allegation that comparator was treated differently without more is insufficient to survive 12(b)(6) motion); Katz v. Stannard Beach Assoc., 95 F.Supp.2d 90, 95 (D.Ct. 2000) (12(b)(6) dismissal granted because

---

[5] Plaintiff's opposition asserts that he was not offered the same settlement as Toglia, however, the First Amended Complaint is completely devoid of that allegation (Pl.'s Opp. 17)

plaintiffs failed to allege they were treated differently and that treatment was motivated by improper purposes).

### IV. The Individual Defendants Are Entitled to Qualified Immunity As A Matter Of Law

For the reasons stated herein plaintiff cannot state a claim under the First Amendment or the Equal Protection clause. As such, the individual defendants are also entitled to qualified immunity because they did not violate plaintiff's constitutional rights by preferring disciplinary charges against him.

Plaintiff argues that the individual defendants are not entitled to qualified immunity because an issue of fact exists as to whether defendants intended to retaliate against him for his protected speech. (Pl.'s Opp. 23-24). That argument and the cases that plaintiff cites in support are inapposite. In those cases, the defendants did not assert meritorious alternative grounds for dismissal of plaintiff's *prima facie* First Amendment claim. (Pl.'s Opp. 24). Here, defendants posit that plaintiff's First Amendment claim should be dismissed because plaintiff's speech was not protected and plaintiff cannot establish a causal link between the protected speech and the adverse action. Accordingly, unlike the cases cited by plaintiff, here, the court need not reach the issue of whether defendants intended to retaliate against the plaintiff.

Moreover, assuming *arguendo*, that the April 20, 2005 radio transmissions were protected speech and plaintiff can establish a causal link between the speech and the discipline, - which plaintiff cannot, the individual defendants are still entitled to qualified immunity. Plaintiff asserts that one transmission out of several radio transmissions is protected speech. However, the undisputed facts demonstrate that all of the radio transmissions were made in response to headquarters' "go available" directive, were made within (30) thirty minutes of each other, and were made on the same radio channel and intermingled with other work related transmissions by

plaintiff and other firemen. (Am. Compl. ¶¶ 10-15; Smith Aff. Exh. B). There is no case law that parses protected speech from unprotected speech, where the two are so closely intertwined. Thus, there is no clearly established right to such speech. Further, because the distinction between the protected and unprotected speech would be indiscernible to a reasonable person in the defendants' positions, it was objectively reasonable for defendants to discipline plaintiff based upon the radio transmissions. There is no indication that prior to the preferment of the disciplinary charges in July 2005, that plaintiff notified defendants that his radio transmissions were made in his capacity as a union member. To the contrary, plaintiff did not make this distinction at the time of the transmissions (Smith Aff. Exh. B) or when he wrote to defendant Lyman later on April 20, 2005 explaining his actions that day. (Smith Aff. Exh. C). In fact, in the Amended Complaint, plaintiff asserts that he did not inform the defendants that he intended the radio transmissions to be union speech until November 15, 2005 when he filed an Improper Practice Charge with the N.Y.S. Public Employment Relations Board. (Am. Compl. ¶ 21). That occurred approximately three (3) months after defendants had already preferred the disciplinary charges against him. Therefore, defendants had no way of discerning that plaintiff's April 20, 2005 speech was intended to be union speech, prior to preferring the disciplinary charges against him. Thus, because there was no clearly established right to plaintiff's April 20, 2005 speech and defendants were objectively reasonable in preferring disciplinary charges against him for such speech, they are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, defendants respectfully request the Court to dismiss this action in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and grant defendants such other relief as the

Court deems appropriate.

Dated: New York, New York
       May 29, 2008

                Respectfully submitted,

                LEWIS BRISBOIS BISGAARD & SMITH, LLP

        By: _____ i/s _____
              Ivan D. Smith (IS-2659)
              Attorneys for Defendants
              199 Water Street, Suite 2500
              New York, New York 10038-3516
              (212) 232-1300