UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

**ORIGINAL**

KEVIN HEFFERNAN,                     07 Civ. 11260 (WCC)

                        Plaintiff,          ECF CASE

    - against -                         **ORDER**

FRANK G. STRAUB, et al.,

                       Defendants.

- - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**CONNER, Senior D.J.:**

        On March 19, 2008, defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). Defendants have submitted various materials extrinsic to the Complaint in support of their motion.

        In assessing the legal sufficiency of a claim, the Court may consider the facts alleged in the Complaint as well as any document attached as an exhibit to the Complaint or incorporated by reference. *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). The Court may base its decision on a document that is not properly incorporated by reference if the document is "integral" to the complaint and has been heavily relied on by the plaintiff in bringing suit. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006). It does not appear that any of these grounds for considering extrinsic materials applies to the documents defendants have submitted.

        Rule 12(b) provides in relevant part: "If, on a motion asserting the defense numbered (6) to dismiss for a failure of the pleading to state a claim upon which relief can be granted, matters


E-
COPIES MAILED TO COUNSEL OF RECORD _____

outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See also Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999).

Therefore, it is hereby ORDERED that the motion to dismiss shall be treated as a motion for summary judgment. The parties shall submit to the Court any additional material they wish the Court to consider in deciding the motion by September 8, 2008.

**SO ORDERED.**

Dated:     White Plains, New York
             July 18, 2008

                                                     _____
                                                       WILLIAM C. CONNER, Sr. U.S.D.J.