ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN HEFFERNAN,

                Plaintiff,

-against-

FRANK G. STRAUB, individually, and in his capacity as Commissioner of Public Safety for the City of White Plains, N.Y., RICHARD LYMAN, individually, and in his capacity as Chief of the City of White Plains Fire Bureau, Department of Public Safety, RICHARD HOULIHAN, individually, and in his capacity as Deputy Chief, White Plains Fire Bureau, Department of Public Safety, VINCENT ROBERTO, individually and in his capacity as Deputy Fire Chief, White Plains Fire Bureau, Department of Public Safety and the CITY OF WHITE PLAINS, New York,

                Defendants.
------------------------------------------------------------------X

Case No. 07 CV 11260 (WCC)

ECF CASE

**STIPULATION AND
PROTECTIVE ORDER**

**WHEREAS,** plaintiff in the above action has sought personal and confidential documents contained in the personnel files of defendants Frank G. Straub, Richard Lyman, Richard Houlihan, and Vincent Roberto, fire lieutenant Lawrence Toglia and documents concerning disciplinary charges preferred by the White Plains Fire Bureau, Department of Public Safety against Lawrence Toglia, arising from the performance of his duties as a fire lieutenant on April 20, 2005 from defendant the City of White Plains (the "City"), and the City deems those documents to be proprietary, confidential and/or privileged; and

**WHEREAS,** the City objects to the production of those documents unless appropriate protections for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and the City in the above referenced matter, as follows:



4841-6270-6946.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

COPIES/MAILED TO COUNSEL OF RECORD

1.  As used herein, "Confidential Materials" shall include documents maintained in the personnel files of the employees of the City, and in particular, documents concerning disciplinary charges preferred by the City against Lawrence Toglia arising from the performance of his duties as a fire lieutenant on April 20, 2005. From time to time, the parties may designate other documents as "Confidential" pursuant to this Stipulation and Protective Order.

2.  Plaintiff's and defendants' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this action.

3.  Plaintiff's and defendants' attorneys shall also not disclose the Confidential Materials to any person not a member of the staff of his or her law office, except under the following conditions:

    a.  Disclosure may be made only if necessary to the preparation or presentation of plaintiff's or defendants' case in this action.

    b.  Disclosure before trial may be made only to an expert who has been retained or specially employed by plaintiff's and defendants' attorneys in anticipation of litigation or preparation for this action, to plaintiff, to a witness at deposition and/or trial or to the Court/jury.

    c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to a witness at trial, the Court or the jury), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to disclose the Confidential Materials except in testimony taken in this case.

4.  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order. The party seeking to designate such portion of the transcript as "CONFIDENTIAL" must request such designation at the time of the deposition.

6. Where "Confidential Material" is included in court submissions the parties agree that the redaction of personal, confidential and/or identifying information is sufficient to protect the interests of parties or non-parties, the parties may file such redacted documents with the Court.

7. Within 30 days after the Court closes this case, including any appeals, the "Confidential Materials," including all copies and non-conforming copies, notes, and other materials containing or referring to information derived directly therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' counsel (with the exception of plaintiff Kevin Heffernan's counsel, Jonathan Lovett and Kim Berg, Esq., who shall furnish a letter to defendants' attorneys in lieu of an affidavit).

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9. The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
August 12, 2008

                                            LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____
Ivan D. Smith (IS-2659)
Attorneys for Defendants
199 Water Street, Suite 2500
New York, New York 10038-3516
(212) 232-1300

LOVETT & GOULD, LLP

By: _____
Kim Berg (KB-1425)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

SO ORDERED:

_William C. Conner_
Sr. United States District Judge

Dated: White Plains, NY
Sept. 5, 2008

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2008 in the action entitled Heffernan v. City of White Plains, 07 CV 11260 (WCC) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____            _____
Date                                                                                          Signature

                                                                            _____
                                                                            Print Name

                                                                            _____
                                                                            Occupation

4841-6270-6946.1