UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ KEVIN HEFFERNAN,                │
│                                 │
│                    Plaintiff,   │
│                                 │   Civil Action No. 07-11260
│          -v.-                   │   (DCP)(LMS)
│                                 │
│ FRANK G. STRAUB, et al.         │
│                                 │
│                    Defendants.  │
│                                 │
└─────────────────────────────────┘
```

OPINION

[Defendants' motion for reconsideration granted. Plaintiff's claim dismissed with prejudice and without costs or attorneys' fees.]

Dated: September 15, 2009

Gould & Berg, LLP (Kim P. Berg) for Plaintiff.

Lewis Brisbois Bisgaard & Smith LLP (Ivan D. Smith, Maureen M. Stampp and Sabrina M. Tann) for Defendants.

POGUE, Judge:[1] In this action, Plaintiff Kevin Heffernan ("Plaintiff") alleges that Defendants instituted baseless disciplinary charges against him in retaliation for Plaintiff's exercise of his First Amendment rights of free speech and

---

[1] Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

1

association. Plaintiff sues Defendant Frank G. Straub ("Straub"), individually and in his capacity as Commissioner of the Department of Public Safety for the City of White Plains, New York; Richard Lyman ("Lyman"), individually and in his capacity as Chief of the City of White Plains Fire Bureau, Department of Public Safety; Richard Houlihan ("Houlihan"), individually and in his capacity as Deputy Chief, White Plains Fire Bureau, Department of Public Safety; Vincent Roberto ("Roberto"), individually and in his capacity as Deputy Fire Chief, White Plains Fire Bureau, Department of Public Safety; and the City of White Plains, New York (the "City" and, together with Straub, Lyman, Houlihan and Roberto, "Defendants").

Defendants moved for summary judgment on various grounds and in an Opinion and Order dated March 30, 2009 (the "Opinion"), the court granted Defendants' motion insofar as Plaintiff's First Amendment claim was based on adverse action in response to certain radio transmissions; however, the court denied Defendants' motion in all other respects. *Heffernan v. Straub*, 612 F Supp. 2d 313, 330 (S.D.N.Y. 2009) (Conner, J.).

Defendants now move for reconsideration of the Opinion insofar as the court declined to dismiss the Amended Complaint in its entirety. For the reasons set forth below, Defendants' motion is GRANTED and, upon reconsideration, Plaintiff's claim of First Amendment retaliation is DISMISSED.

2

## BACKGROUND

The facts of this case are laid out at length in the court's prior Opinion, familiarity with which is presumed. Nonetheless, the court will briefly summarize the facts relevant to this motion.

Plaintiff has been a lieutenant in the City's Fire Bureau ("Fire Bureau") since 1993. *Heffernan*, 612 F. Supp. 2d at 316. The White Plains fire fighters are represented by the Professional Fire Fighters Association, Inc., Local 274, I.A.F.F., AFL-CIO (the "Union"). *Id.* Plaintiff is the Vice President of the Union and the "'duly appointed chairman of the Union's Health and Safety Committee.'" *Id.* Prior to the events that gave rise to this lawsuit, Plaintiff was active in the Union. He issued campaign letters that included negative comments about Straub, attended executive board meetings of the Union, negotiated with the City for collective bargaining purposes and for the Union's contract with the City and advocated to Straub for changes that the Union requested. (Pl.'s R. 56.1 Stmt. (Doc. #40) ¶¶ 164, 166, 167-69.) Plaintiff also expressed his opinion about issues relating to manpower, health and safety of fire fighters and equipment and response times, and he often spoke with Straub to advocate for increases in staffing. (*Id.* ¶¶ 170, 174.)

On April 20, 2005, the City conducted "live fire training" involving fire fighters and equipment at the White Plains Drill School. *Heffernan*, 612 F. Supp. 2d at 317 (internal quotation marks

omitted). Near the conclusion of the training, a real fire broke out and fire fighters at the White Plains Drill School were deployed to the location of the real fire. *Id.* at 318. Plaintiff, who was in charge of one of the groups of fire fighters at the White Plains Drill School, indicated, through a series of radio transmissions, that the fire fighters under his command were not available immediately because they were fatigued. *Id.* at 319.

In May 2005, the Fire Bureau initiated an investigation into the allegedly delayed response to the real fire on April 20, 2005 and, in July 2005, instituted disciplinary charges against Plaintiff and another employee of the Fire Bureau who had been in charge of the fire fighters at the White Plains Drill School that day. *Id.* at 320. The other employee against whom the Fire Bureau instituted disciplinary charges "settled [those] disciplinary charges by pleading guilty to one of the charges and forfeiting three days of pay." *Id.* "The charges against plaintiff did not settle." *Id.* Following a hearing overseen by a hearing officer, the Fire Bureau adopted the hearing officer's "Report and Recommendation" and "imposed upon plaintiff a thirty-day suspension, without pay." *Id.* at 321.

I.  **Procedural Posture**

Plaintiff claimed that he was subjected to First Amendment retaliation, in the form of the disciplinary charges instituted against him and the resulting suspension, based on his speech on

4

behalf of the Union and the statements that he made over the radio on April 20, 2005. As more thoroughly explained in its prior Opinion, the court dismissed the First Amendment claim that arose out of Plaintiff's April 20 speech because "plaintiff spoke in his capacity as a fire lieutenant and, therefore, his speech on [April 20, 2005] was not constitutionally protected." Id. at 328. The court then declined to grant summary judgment as to Plaintiff's claim that Defendants retaliated against him because of his speech on behalf of the Union.

## DISCUSSION

I. <u>Legal Standard for Reconsideration</u>

A motion for reconsideration or re-argument may be granted only if the court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" Greenwald v. Orb Commc'ns & Mktg., Inc., No. 00 Civ.1939 LTSHBP, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (alteration in original)); see also S.D.N.Y. LOCAL CIV. R. 6.3. Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York. See Ades v. Deloitte & Touche, 843 F. Supp. 888, 892 (S.D.N.Y.

1994). Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments that he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Brown v. Barnhart*, No. 04 Civ. 2450 (SAS), 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) (holding that the moving party "may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks and citation omitted).

II. **Application**

In its prior Opinion, the court held that, viewing the evidence in the light most favorable to Plaintiff, his "last constitutionally-protected speech occurred during a 'City budget meeting' in May 2005, where he was 'outspoken to councilmen and Straub.'" *Heffernan*, 612 F. Supp. 2d at 329. The court held that, although there was no direct evidence of retaliation, because that meeting occurred fewer than three months prior to the institution of disciplinary charges against Plaintiff, there was sufficient temporal proximity between Plaintiff's First Amendment activity and

6

the adverse employment act to support an inference of causation. *Id.*

Defendants now direct the Court to *McCullough v. Wyandanch Union Free School District*, which held that, where a plaintiff engages in protected speech throughout his employment, and not only immediately prior to an adverse employment act, speech occurring immediately prior to the adverse employment act will not support an inference of causation based on temporal proximity between the protected speech and the adverse employment act. 187 F.3d 272, 280 (2d Cir. 1999); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 683 (S.D.N.Y. 2007). Defendants cited *McCullough* in their memorandum of law for the underlying motion; however, they did not articulate the argument that, in a case such as this, where a plaintiff engages in ongoing speech, reliance on temporal proximity as proof of causation is improper.[2] As *McCullough* is a controlling case, the court considers it now as it applies to the facts of this case.

By Plaintiff's own admission, he "spoke out" at "meetings" as early as 2002 (see Pl.'s Mem. Opp. Mot. Recons. (Doc. #50) at 3)

---

[2] Rather, Defendants cited *McCullough* for the proposition that, where a plaintiff is "an outspoken critic of the Fire Bureau, . . . the inference of causation established by the speech and the discipline is unremarkable." (Defs.' Mem. Supp. Summ. J. (Doc. #34) at 15.) Defendants did not argue how or why the proximity between the speech and the discipline is "unremarkable" or that, as a result, an inference of causation therefrom cannot be drawn.

7

and he was involved in labor management meetings at least through 2008. (*Id.* at 6.) Plaintiff argues that any and all of the following support a finding of causation based on temporal proximity: (1) Plaintiff's 2004-05 active leadership service in the Union; (2) Plaintiff's Union negotiations in approximately June 2005; (3) Plaintiff's outspokenness at "Haz Mat/Rescue meetings" in March 2004; (4) Plaintiff's attendance of the May 2004 "City[] budget meetings"; (5) Plaintiff's attempts in 2005 to resolve "very protracted litigation"; and (6) Plaintiff's involvement in labor management between 2003 and 2008. (*Id.* at 4-6.) These conceded facts indicate that Plaintiff's First Amendment speech occurred with great regularity for years prior to the adverse employment act. Therefore, under the reasoning set forth in *McCullough*, reliance on temporal proximity -- as proof of causation flowing from Plaintiff's most recent speech -- is improper here because the fact that some of Plaintiff's First Amendment activity occurred within weeks of the adverse employment act is not indicative of causation. As discussed in the court's prior Opinion, there is no direct proof of causation and, absent an inference based on temporal proximity, neither is there indirect proof of causation. Thus, Plaintiff has failed to set forth a *prima facie* case of First Amendment retaliation based on his Union speech. Therefore, this claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration (Doc. # 46) is GRANTED. Plaintiff's claim of First Amendment retaliation is DISMISSED with prejudice and without costs or attorneys' fees.

Judgment will issue accordingly.

_____
Donald C. Pogue, Judge

Dated:   New York, New York
         September 15, 2009

9